UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT J. REED, | ) | CASE NO. 4:07 CV 2160 |
| CARMEN R. STAVOLE, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY J. COLLINS, <u>et al.</u>, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 19, 2007, <u>pro se</u> plaintiffs Robert J. Reed and Carmen R. Stavole filed this

action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction

("ODRC") Director Terry Collins, ODRC Assistant Chief Inspector Paul A. Shoemaker, Ohio State

Penitentiary ("OSP") Warden Mark Houk, and OSP Institutional Inspector Ted Jackson.  Both

plaintiffs are incarcerated in the OSP corrections camp.  They object to the conditions of their

confinement and seek monetary damages.

**Robert Reed**

Mr. Reed alleges that the restrooms in the OSP camp are deplorable.  He states that

the ventilation is poor, the plumbing leaks, and the showers contain mold.  He contends that he filed

grievances and sought help from outside agencies to remedy the situation.  He indicates that an

organization identified as "Prison Solidarity" published his letter.  He claims that thereafter, he was subjected to harassment by Corrections Officer Young, who was later fired.  He alleges that other corrections officers have searched his cell and have threatened him.

Mr. Reed claims that on January 25, 2007, the prison was inspected.  He indicates that he told the inspector that moments before her arrival in the building, prison maintenance staff removed the trash bags from the tops of the broken toilets so that they would all appear to be in working order.  He states that later that afternoon, he was given a roommate who had AIDS.  Mr. Reed states that the inmate had sores all over his body.  He claims he has been subjected to cruel and unusual punishment and retaliation.

## Carmen Stavole

Mr. Stavole also alleges that the restroom facilities at the camp are "inhumane and unsanitary."  (Compl. at 3.)  He states he almost fell in the shower on April 8, 2006.  He indicates that he filed grievances with regard to the conditions but they have not been abated.  He has attempted to take the problems directly to the maintenance department with no success.  He claims he asked for the names of the individuals in the maintenance department and was denied this information.[1]  Mr. Stavole suggests that the prison could afford to make the appropriate repairs because they purchased a new dump truck, made repairs to the parking lot, and built a parking lot for motorcycles.

Mr. Stavole further claims that he suffers from hemorrhoids.  He indicates that in August 2007, he sought medical attention for the condition.  He claims that when he didn't get treatment he felt was necessary, his mother wrote a letter to the Ohio State Highway Patrol stating

---

[1]        Mr. Stavole claims he also worked in the maintenance department.

that he was being denied medical care.  He contends that thereafter, he was seen by the medical department and asked whether he was sexually active.  Although he denied engaging in recent sexual activity, a notation to the contrary was made in his medical file.  He pursued grievances but did not receive the relief he requested.

Finally, Mr. Stavole indicates he was the victim of retaliation.  He indicates he wrote to several agencies seeking assistance for the conditions he was experiencing at the prison camp and his medical difficulties.  He states that he received a response from the Ohio Justice and Policy Center on December 1, 2006.  He claims that ten days later, he was "retaliated at work."  (Compl. at 5.)  He indicates he was taken to segregation because he had been found with a piece of paper that contained the names of the maintenance workers.  Mr. Stavole remained in segregation until December 29, 2007.  He alleges that upon his release, he found his journal missing from his property.  He claims that in April 2007, his cell was searched by a corrections officer named "Green" and he was forced to cut his hair by a corrections officer named Franklin.  He states someone named "Francischelli" reported to a corrections officer that Mr. Stavole was smoking a cigarette.  As a result, Mr. Stavole was subjected to a strip search.  He claims the defendants have subjected him to cruel and unusual punishment.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v.

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is

dismissed pursuant to §1915(e).

While the allegations may implicate the Eighth Amendment, the plaintiffs have

failed to allege any facts to suggest that the defendants named in the complaint can be held liable

for the purported violations.  The plaintiffs cannot establish the liability of any defendant absent

a clear showing that the defendant was personally involved in the activities which form the basis

of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v.

Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  They seek to pursue this

action against ODRC Director Terry Collins, ODRC Assistant Chief Inspector Paul A. Shoemaker,

OSP Warden Mark Houk, and OSP Institutional Inspector Ted Jackson.  The complaint simply

contains no facts which reasonably indicate that any of these defendants was personally involved

in the activities giving rise to any of the claims set forth by the plaintiffs.

The Assistant Chief Inspector, the Institutional Inspector, and possibly the Warden

are involved in the grievance process.  It is plausible that these individuals are named as defendants

solely because they responded to grievances in a manner with which the plaintiffs did not agree.

Responding to a grievance or otherwise participating in the grievance procedure is insufficient to

---

[2]      An in forma pauperis claim may be dismissed sua sponte, without prior notice to the
plaintiff and without service of process on the defendant, if the court explicitly states that it is
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris
v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
1985).

trigger liability under 42 U.S.C. § 1983.  <u>Shehee v. Luttrell</u>, 199 F.3d. 295, 300 (6th Cir. 1999).

It is also possible that ODRC Director Terry Collins and OSP Warden Mark Houk are named as defendants simply because they are supervisors of OSP personnel.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."  <u>Bass v. Robinson</u>, 167 F.3d 1041, 1048 (6th Cir.1999) (citing <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (1989)).  Rather, the supervisors must have actively engaged in unconstitutional behavior.  <u>Id.</u>  Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence.  <u>Id.</u>  To hold Mr. Collins and Mr. Houk liable for the actions of their subordinates, the plaintiffs must prove that these defendants did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. <u>Id</u>. Plaintiffs must show that they somehow encouraged or condoned the actions of their employees.  <u>Id.</u>; <u>see also</u> <u>Copeland v. Machulis</u>, 57 F.3d 476, 481 (6th Cir.1995).  There are no allegations of this nature in the complaint.                              **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 10/26/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE